UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOE ED STACKHOUSE,

        Plaintiff,

Case No. 1:07-cv-695

v.

Honorable Robert Holmes Bell

J. FAZER et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff is currently incarcerated at Chippewa Correctional Facility, but the incidents underlying the complaint occurred at Earnest C. Brooks Correctional Facility (LRF).  In his *pro se* complaint, he sues the Director of the MDOC Patricia Caruso, Grievance Manager J. Armstrong, Director of Internal Affairs Division Bill Martin, Inspector Joniva L. Walton and LRF employees ARUS J. Fazer and ADW Bobbi Smith.  Plaintiff alleges that on July 13, 2007 he was transferred to the higher level IV security classification in violation of his Eighth Amendment and Fourteenth Amendment due process rights.  Plaintiff further alleges that Defendants abused their authority and violated his constitutional rights because they refused to reclassify Plaintiff at a lower security level. (Compl. at 3.)

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that his constitutional rights were infringed because he was transferred to security level IV. The Supreme Court has held that a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91(6th Cir. 1995), the Sixth Circuit applied the *Sandin* test to the claim of a Michigan inmate that the mandatory language of the MDOC's regulations created a liberty interest that he receive notice and hearing before being placed in administrative segregation. The court held that regardless of the mandatory language of the prison regulations, the inmate did not have a liberty interest because his placement in administrative segregation did not constitute an atypical and significant hardship within the context of his prison life. *Id; see also Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Without a protected liberty interest, plaintiff cannot successfully claim that his due process rights were violated because, "[p]rocess is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).

Moreover, the Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim*, 461 U.S. at 245; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976). The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges. *See, e.g.*, *Cash v. Reno*, No. 97-5220, 1997 WL 809982, at *1-2 (6th Cir. Dec. 23, 1997) (prisoner's allegation that he was placed in a security level higher than warranted based on the information contained in his prison file failed to state a due process claim because he had no constitutional right to be held in a particular prison or security classification);

*O'Quinn v. Brown*, No. 92-2183, 1993 WL 80292, at *1 (6th Cir. Mar. 22, 1993) (prisoner failed to state a due process or equal protection claim regarding his label as a "homosexual predator" because he did not have a constitutional right to a particular security level or place of confinement). Plaintiff's designation as a "Security Threat Group Member" is nothing more than a security classification used by the prison. Because Plaintiff does not have a constitutional right to a particular security level or classification, he fails to state a claim.

        Plaintiff makes a vague allegation at the end of his complaint that "these employee[s] are retaliating against Stackhouse #202112, for raise [sic] and files [sic] a complaint about departmental rules violation and abuse of authority!" (Compl. at 3.) Plaintiff gives no indication of what complaint was filed, where it was filed, who it was filed against or even when it was filed. To the extent Plaintiff claims that the transfer was done in retaliation for filing a complaint, his allegation is too vague to state an Eighth or Fourteenth Amendment claim.

### **Recommended Disposition**

        Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

        I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:   September 4, 2007        /s/  Joseph G. Scoville
                                                          United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).