UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JOE ED STACKHOUSE,

        Plaintiff,                      Case No. 1:07-CV-695

v.                                           Hon. Robert J. Jonker

J. FAZER, et al.,

        Defendanst.

_____/

**ORDER AND JUDGMENT**
**APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 6) filed on September 4, 2007. Plaintiff filed his Objection to the Report and Recommendation (docket # 12) on October 4, 2007.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Scoville; the Report and Recommendation itself; and Plaintiff's Objection. After its review, the Court finds Magistrate Judge Scoville's Report and Recommendation to be both factually sound and legally correct.

The Report and Recommendation recommends that Plaintiff's complaint be dismissed for failure to state a claim. Plaintiff's Objection argues that his claim should not be dismissed because Defendants have violated his constitutional right to placement at a specific security level and because Defendants have violated his constitutional rights by transferring him to a more restrictive prison facility in retaliation for his filing a grievance.

Plaintiff's arguments are without merit. As explained in the Report and Recommendation, a prisoner does not have a constitutional right to placement at a specific security level. *See, e.g.*, *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995); *Cash v. Reno*, No. 97-5220, 1997 WL 809982, at *1–*2 (6th Cir. Dec. 23, 1997). Nor does a prisoner have a retaliation claim when he is transferred from one prison to another: "[T]ransfer from one prison to another prison 'cannot rise to the level of an "adverse action" because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights.'" *Smith v. Yarrow*, 78

2

F. App'x 529, 543 (6th Cir. 2003) (quoting *Mandela v. Campbell*, 181 F.3d 102 (Table), 1999 WL 357825, at *3, (6th Cir. 1999)).  Plaintiff's security classification and his transfer to the Chippewa Correctional Facility did not violate his constitutional rights.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed September 4, 2007, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is DISMISSED for failure to state a claim.  Dismissal of this action counts as a strike for purposes of 28 U.S.C. § 1915(g).  The Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Dated:   March 11, 2008               /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE